## THE PEOPLE v. SIERRA.

APPEAL from the District Court of San Juan.     Motion for diminution of record.

No. 340.—Decided May 23, 1911.

CRIMINAL LAW—CORRECTION OF RECORD—ACTS CORAM NON JUDICE—POWER TO ALTER, MODIFY, OR SUPPLEMENT RECORD.—The record in the appeal of a criminal action cannot be supplemented by means of a motion to correct the same based on rule 55 of this court with a certificate comprising several parts of the record of another criminal action prosecuted against the same respondent, where it has not been shown that they were introduced as evidence in the lower court, nor were before the court in deciding this case, nor were shown to the defendant, nor were included in the bill of exceptions which, certified by the judge, forms part of the record of this appeal. Said certificate is not accompanied by an affidavit to prove these facts. This court is powerless to alter, modify, or supplement a record submitted in a certain form. To do so would be an act *coram non judice.* (See *Calaf* v. *Calaf*, 16 P. R., 795.)

ID.—RULE 55 OF SUPREME COURT—CONSTRUCTION THEREOF.—Rule 55 of this court refers only to that part of the records which, through inadvertence or any other cause, have been unduly omitted from the transcript.

The facts are stated in the opinion.

*Mr. Jesús M. Rossy, fiscal,* for petitioner.

*Mr. Pedro Gómez Lasserre* for the adverse party.

MR. JUSTICE WOLF delivered the opinion of the court.

On May 2, 1911, the *fiscal* of this court filed a motion to correct the record in the case of *People of Porto Rico* v. *Francisco Sierra* on appeal from the District Court of San Juan, which in due order had heard the case on appeal from

the Municipal Court of Bayamón. The correction of the record is sought, so it is alleged, by virtue of rule 55 of this court. The case on appeal before us is No. 1697. The paper that is presented to us for addition to the record is a certificate of the assistant secretary of the District Court of San Juan, setting out the proceedings in criminal case No. 1446 against the same defendant, Sierra, and others. The certificate includes a copy of the information, arraignment, setting of the case, minutes of the trial, the decision, setting of the case for a succeeding term, a minute of the second trial showing that the jury were unable to agree as to the defendant, Francisco Sierra, and a dismissal of the proceedings against him in that case, and giving the *fiscal* a right to begin proceedings in the municipal court against the said Sierra.

The certificate is unaccompanied by an affidavit and there is nothing to show that the certified proceedings in case No. 1446 were ever presented to the court in case No. 1697, now pending on appeal before us; nor is there anything in the said certificate or in the record which shows that the court in trying No. 1697 had the proceedings in No. 1446 in mind. There is not the slightest thing in the record before us to indicate that the defendant in case No. 1697 was ever confronted with the proceedings in No. 1446. The record in 1697, it is true, shows that the defendant interposed a plea of second jeopardy; but there is nothing in the record to show that he offered any proof with respect to the issue joined on that plea. It might very well be that the defendant put in the plea to meet a possible showing in the district court of the character that is now attempted to be made here, but we need not enter very deeply into this class of supposition.

The bill of exceptions in the present appeal is certified by the judge of the district court, and preceding this certificate is one made by Luis Campillo, the *fiscal* of the district court, expressing his approval of the bill presented for the

consideration of the district court, and so approved and certified the said bill became a part of the record.

This court has no power to include the offered certificate in the record. It is *coram non judice* before this court, and without some formal motion or suggestion to the court and the defendant, by which the proceedings in case No. 1446 were included in the evidence in case No. 1697, it was *coram non judice* before the district court. Even if these proceedings had been offered and admitted in the trial in No. 1697, we could not now include them in the record before us. The proof at the trial forms no part of the record until it is included in the bill of exceptions or statement of the case. The bill of exceptions or the statement of the case becomes a part of the record upon the certificate of the judge below. We have no power to contradict, vary, or extend the record so made. (3 Cyc., 153. Order of this court in *Calaf* v. *Calaf*, No. 471 [16 P. R., 795], decided on Jan. 25, 1910.) Rule 55 refers only to such parts of the record that, by inadvertence or otherwise, have not been duly included in the transcript.

As these proceedings were not part of the record and were apparently not offered in evidence in the district court, neither party had the right to invoke the provisions of rule No. 55, and the motion made by the *fiscal* must be overruled.

*Motion denied.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.